IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JOHNNY POSTLES ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 1:23-cv-1063-STA-jay |
| ) | |
| CITY OF JACKSON, TENNESSEE, ) | |
| ) | |
| Defendant. ) | |

ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ORDER OF *SUA SPONTE* DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
ORDER ON APPELLATE FILING FEE

Before the Court is the United States Magistrate Judge's report and recommendation (ECF No. 10) that the Court dismiss Plaintiff Johnny Postles' Pro Se Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Magistrate Judge entered his report and recommendation on August 23, 2023. Plaintiff had 14 days from the service of the Magistrate Judge's report in which to file objections. Plaintiff has not file specific objections to the report and its recommended conclusions of law, and the time to object has now expired. On August 31, 2023, Plaintiff did submit additional exhibits (ECF No. 11) in response to the report and recommendation, though the materials do not actually address the recommendations in the Magistrate Judge's report. For the reasons set forth below, the Court **ADOPTS** the report and **DISMISSES** Plaintiff's Pro Se Complaint *sua sponte*.

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869-70

1

(1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). The United States District Court for the Western District of Tennessee adopted Administrative Order 2013-05 for this very purpose, referring all cases filed by non-prisoner plaintiffs acting *pro se* to a United States Magistrate Judge for management of all pretrial matters. The Magistrate Judge has recommended that the Court dismiss Plaintiff's Pro Se Complaint for failure to state a claim for the violation of Title VII of the Civil Rights Act of 1964 or the Age Discrimination in Employment Act. The Magistrate Judge's recommendation would result in the dismissal of Plaintiff's suit.

Rather than object to the Magistrate Judge's reading of his Pro Se Complaint or show why the Magistrate Judge's recommendations of law were in error, Plaintiff has filed a paper titled "Objections to the Proposed Findings, Recommendations and Request for Appropriate Action for Fraud." According to Plaintiff's Objections, the EEOC has provided "no federal enforcement of his civil rights" other than issuing him a right-to-sue letter. Pl.'s Objs. 1 (ECF No. 11). From Plaintiff's perspective, the "EEOC failed in its obligation of carrying out a fair and impartial investigation of" Plaintiff's discrimination claims. Plaintiff also states that the EEOC conspired with counsel for Defendant City of Jackson to deny him a fair and impartial hearing of his claims in a charge of discrimination, which appears to be a separate charge against the City of Jackson still pending at the EEOC.

Plaintiff's filing goes on to state that he has submitted a second charge of discrimination to the EEOC and that the agency is continuing to conspire with Defendant's lawyer to thwart the proceedings on that charge. For example, Plaintiff asserts that the EEOC and opposing counsel led Plaintiff to believing that the agency had granted the City of Jackson an extension of time to respond to a charge of discrimination. Plaintiff also attached ten exhibits to his filing, including a Request for Immediate Reasonable Cause Finding in charge no. 490-2023-02436 filed *pro se* by

2

Plaintiff with the EEOC on July 17, 2023 (ECF No. 11-1); a letter from counsel for Defendant to the EEOC responding to Plaintiff's July 17, 2023 Request for Immediate Reasonable Cause Finding (ECF No. 11-5); and a Request for Immediate Reasonable Cause Finding and Appropriate Action for Fraud filed *pro se* by Plaintiff with the EEOC on August 18, 2023 (ECF No. 11-4). The rest of the exhibits are email correspondence between Plaintiff and EEOC investigators.

While Plaintiff has the right to submit anything he wants the Court to consider as part of the screening of his Pro Se Complaint, none of the exhibits he filed actually address the merits of his pleadings. The Magistrate Judge has concluded that the Pro Se Complaint fails to allege essential elements of a Title VII discrimination claim or an age discrimination claim under the ADEA. In response to the Magistrate Judge's report and recommendation, Plaintiff has produced only matters going to the administrative review of his claims against the City of Jackson, which apparently includes new allegations that may or may not overlap with the allegations made in this lawsuit. In fact, it is not clear whether the administrative proceedings referenced in the exhibits are even related to the matters alleged in the Pro Se Complaint. The exhibits address what appears to be an ongoing administrative process related to a charge still pending at the EEOC. By contrast, the EEOC issued Plaintiff a right-to-sue letter (ECF No. 2-1) on the claims in his Pro Se Complaint back on January 31, 2023. The right-to-sue letter, which Plaintiff attached to his Pro Se Complaint, stated that the letter was "official notice from the EEOC of the dismissal of [Plaintiff's] charge and of [Plaintiff's] right" to bring a judicial action. Pl.'s Right-to-Sue Ltr., Jan. 31, 2023 (ECF No. 2-1). In the final analysis, the Court finds that Plaintiff's exhibits are not actual objections to the Magistrate Judge's report and recommendation because they do not address the merits of the allegations made by Plaintiff in his Pro Se Complaint.

While "a district judge must determine de novo any part of a Magistrate Judge's disposition

that has been properly objected to," Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C), the district court is not required to review (under a de novo or any other standard) "any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the findings and rulings of the Magistrate Judge to which no specific objection is filed. *Id.* at 151. In the absence of any specific objection to the Magistrate Judge's recommendation, the Court hereby **ADOPTS** the Magistrate Judge's report and recommendation and **DISMISSES** Plaintiff's Pro Se Complaint. The Clerk of Court is directed to enter judgment.

The Court would add here that the dismissal of Plaintiff's current suit is has no bearing on whatever claims he is currently pursuing administratively before the EEOC.

The next issue to be addressed is whether the Court should authorize Plaintiff to appeal this decision *in forma pauperis*. Under 28 U.S.C. § 1915(a)(3), an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. "'Good faith' has been defined as a requirement that an appeal present a nonfrivolous question for review." *Cruz v. Hauck*, 404 U.S. 59, 62 (1971) (Douglas, J., concurring). The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The same considerations that lead the Court to dismiss this case, Plaintiff's failure to make any timely objection to the Magistrate Judge's recommended conclusions of law, also compel the conclusion that an appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

The United States Court of Appeals for the Sixth Circuit's decisions in *McGore v. Wrigglesworth*, 114 F.3d 601, 612–13 (6th Cir. 1997) and *Floyd v. United States Postal Serv.*, 105 F.3d 274, 276 (6th Cir. 1997) apply to any appeal filed by Plaintiff in this case. If Plaintiff files a

notice of appeal, she must pay the entire $505 filing fee required by 28 U.S.C. §§ 1913 and 1917. By filing a notice of appeal Plaintiff becomes liable for the full amount of the filing fee, regardless of the subsequent progress of the appeal. The entire filing fee must be paid within thirty (30) days of the filing of the notice of appeal. If Plaintiff fails to comply with the above assessment of the appellate filing fee within thirty (30) days[4] of the filing of the notice of appeal or the entry of this order, whichever occurred later, the Court will notify the Sixth Circuit, which will dismiss the appeal. If the appeal is dismissed, it will not be reinstated once the fee is paid. *McGore*, 114 F.3d at 610.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date:  October 10, 2023.

---

[4] The district court may extend this deadline one time by thirty (30) days if the motion to extend is filed before the expiration of the original deadline. *McGore*, 114 F.3d at 610.